James Henry **RHODES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41128.

Court of Criminal Appeals of Texas.

April 3, 1968.

Rehearing Denied May 29, 1968.

Vern F. Martin, Midland (court appointed), for appellant.

James A. Mashburn, Dist. Atty., Midland, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

The conviction is for the primary offense of assault with intent to murder with two prior convictions for felonies alleged for enhancement; the punishment, life.

■ Error is urged on the grounds that the trial court permitted a knife, not related to the offense, to be admitted in evidence, flourished before the jury, and used in the direct examination of Dr. LeBoeuf, all over appellant's objection.

The indictment alleged that the appellant stabbed the assaulted party with a knife with intent to murder him.

The appellant was arrested about two weeks after the stabbing by the authority of an arrest warrant. The arresting officer, Morales, removed a knife from the appellant which he (Morales) identified while testifying as being State's Exhibit No. 4.

James Earl McDonald testified that he saw the appellant remove an open knife from his pocket and stab the assaulted party several times with it. While McDonald was testifying, State's Exhibit No. 4 was exhibited to him, and upon being asked if it looked like the knife the appellant took from his pocket, replied, "Yes, it looks like it." The witness Williams testified that he saw a knife in appellant's pocket with the blade "sticking out," and after a few minutes the appellant removed it, rushed toward the assaulted party and began cutting him with it. Dr. LeBoeuf, who examined the assaulted party, testified that his wounds could have been inflicted by the knife which was exhibited to him (State's Exhibit No. 4).

The evidence is sufficient to authorize the admission of the knife, State's Exhibit No. 4, into evidence; and no error is perceived by its exhibition before the jury. These grounds of error are overruled.

The appellant sought to present by formal bills of exception his grounds of error Nos. four, five, eight, nine, and ten, wherein he contends that the state's attorney committed error during his argument to the jury.

These formal bills were marked refused by the trial court for the reason that they were not timely filed.

■ The appellant admits in his brief that he made no request that the court reporter take the jury argument. No transcription of the jury argument is before this court. These grounds of error are not before this court for review. Art. 40.09, Sec. 4 and 5, Vernon's Ann.C.C.P.; Hill v. State, Tex.Cr.App., 420 S.W.2d 408.

■ Grounds of error Nos. six and seven complain of the refusal of the court to grant a mistrial when Officer Morales testified as to appellant's previous record and the officers' familiarity with him; and also erred in having the court reporter to re-read the question and answer before the jury and instruct the jury to disregard them for any purpose in their deliberations.

This matter arose as follows:

"Q What efforts did you make to locate the defendant?

"A When we got the warrant, being that I was familiar with the defendant, and most of the detectives

are, we went out looking for him and I personally conducted the investigation where he hangs around and my information revealed—

"Mr. Martin: Just a moment, please. (Mr. Martin arises from his chair and approaches the Judge's bench).

"The Court: What do you want, Mr. Martin?

"Mr. Martin: Your Honor, I want to make a motion for a mistrial.

"The Court: The Court will overrule your motion.

"Mr. Martin: Note my exception. I would like to make a Bill.

"The Court: The jury will retire to the jury room.

### JURY RETIRED

"Mr. Martin: Now comes the defendant and makes this his motion for a mistrial on the grounds that the witness, who is a law officer, has testified that he was familiar with and the detectives were familiar with the defendant in this case and inferred that he had a prior record, and without any question, which is highly prejudicial in this case and which is so prejudicial that it cannot be taken away from the jury by instructions by the court."

The court overruled the appellant's motion for a mistrial, and then stated that he was going to instruct the jury to disregard the officer's statement.

Whereupon, the jury returned to the jury box and the court directed the court reporter to read said question and answer to the jury which he did.

The court then instructed the jury to "Disregard the statement of this witness,

the latter part of his answer with reference to knowing this defendant and other officers knowing the defendant. Disregard it and do not use it for any purpose whatsoever in your deliberations."

The appellant made no objection to the court having the question and answer reread to the jury. After the court's instruction not to consider the answer, the appellant appears to have been satisfied as he asked the court for no further relief. The appellant at no time moved to exclude or withdraw the answer of the officer. The grounds of error are overruled. Hunter v. State, 161 Tex.Cr.R. 225, 275 S.W.2d 803; Baker v. State, Tex.Cr.App., 368 S.W. 2d 627.

■ In ground of error No. eleven the appellant contends that the "trial court erred in permitting questioning going to the duty of the defendant to run as opposed to his right of self-defense as maintained by the defendant, over the objection of the defendant."

Pertaining to this ground of error the record reflects:

"Q Was there anything behind the defendant at the time he came at him with that knife?

"A No, not as I knows of, there wasn't anything behind him.

"Mr. Martin: We object to that, your Honor, and ask that the question be withdrawn as the defendant has no reason to run in self defence.

"The Court: The Court will overrule the objection.

"Mr. Martin: Note our exception.

"Q Was there anything around him to prevent him from moving from side to side or back or any direction?

"A No, there wasn't nothing in his way.

"Q By the same token was there anything around B. P. Leonard to prevent him from moving to the side or to the back?

"A No."

The court charged the jury in accordance with the provisions of Art. 1225, P.C., that a party whose person is unlawfully attacked is not bound to retreat in order to avoid the necessity of killing his assailant.

In light of the evidence and the court's charge, no prejudice to the rights of the appellant is perceived.

The twelfth ground of error is that the trial court erred in refusing to grant appellant's motion for new trial upon the total circumstances as shown by inconsistencies in the testimony of the state's own witnesses.

The verdict of the jury based on conflicting evidence will not be disturbed if there is sufficient testimony to sustain it. The evidence in this case is deemed sufficient to support the jury's verdict. 5 Tex.Jur.2d 632, Sec. 416; Morris v. State, Tex.Cr.App., 411 S.W.2d 730.

The judgment is affirmed.