ACCEPTED
06-16-00032-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
8/12/2016 3:48:24 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
8/12/2016 3:48:24 PM
DEBBIE AUTREY
Clerk

| | | |
|---|---|---|
| **THE STATE OF TEXAS** APPELLANT | § § § | |
| v. | § | **No. 06-16-00032-CR** |
| **JAMEL MCLELLAND FOWLER,** APPELLEE | § § § § | |

---

## STATE'S BRIEF

---

FROM THE 196TH DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL CAUSE NUMBER 30,511
THE HONORABLE J. ANDREW BENCH, JUDGE PRESIDING

NOBLE DAN WALKER, JR.
District Attorney, in and for
Hunt County, Texas

G CALVIN GROGAN V
Assistant District Attorney
State Bar Number - 24050695
P.O. Box 441
4th Floor, Hunt County Courthouse
Greenville, Texas 75401
Telephone Number - (903) 408-4180
Facsimile Number - (903) 408-4296

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................2

TABLE OF AUTHORITIES ............................................................................3

STATEMENT OF CASE...............................................................................5

ISSUES PRESENTED....................................................................................7

SUMMARY OF THE STATE'S ARGUMENTS .....................................7

STATEMENT OF FACTS ..........................................................................7

STATE'S ISSUE – TRIAL COURT ABUSED ITS DISCRETION .....................14

    STANDARD OF REVIEW ..................................................................14

    TRIAL COURT CORRECTLY DENIED APPELLEE'S MOTION FOR DIRECTED VERDICT - SAME STANDARD OF REVIEW FOR LEGALLY INSUFFICIENT EVIDENCE..................................................................15

    EVIDENCE WAS LEGALLY SUFFICIENT TO PROVE APPELLEE COMMITTED BURGLARY OF A BUILDING ON NOV. 12, 2014 .............17

PRAYER....................................................................................................24

CERTIFICATE OF SERVICE .................................................................24

# INDEX OF AUTHORITIES

Federal Cases

*Jackson v. Virginia,* 443 U.S. 308 (1979) ............................................................. 17

Texas Cases

*Appleman v. State,* 531 S.W.2d 806, 810 (Tex. Crim. App. 1975) ...................... 18
*Broderick v. State,* 35 S.W.3d 67, 75 (Tex. App. - Texarkana 2000) .................. 15
*Brooks v. State,* 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) ........................... 17
*Charlton v. State,* 847 S.W.2d 443 (Tex. App. – Houston [1st Dist.] 1993)16-17,19
*Dewberry v. State,* 4 S.W.3d 735, 740 (Tex. Crim. App. 1999) .......................... 18
*Fielding v. State,* 719 S.W.2d 361, 364 (Tex. App. – Dallas, 1986 writ ref'd) .... 18
*Fin & Feather Club v. Leander,* 415 S.W.3d 548 (Tex. App. - Texarkana 2013) 16
*State v. Gallegos,* 2015 WL 8332512 *3-4 (Tex. App. – El Paso) .................. 15,17
*Geesa v. State,* 820 S.W.2d 154, 158 (Tex. Crim. App. 1991) ........................... 18
*Gonzales v. State,* 855 S.W.2d 692, 695 (Tex. Crim. App. 1993) ....................... 25
*Johnson v. State, S.*W.3d (Tex. App. - Texarkana, 2010) .................................... 22
*State v. Provost,* 205 S.W.3d 561, 566 (Tex. App. – Houston [14th Dist.] 2006, no
pet.) ....................................................................................................................... 18
*Rhodes v. State,* 427 S.W.2d 889, 892 (Tex. Crim. App. 1968) .......................... 17
*Rundles v. State,* 486 S.W.3d 730 (Tex. App. - Texarkana 2016) ....................... 15
*Savage v. State,* 933 S.W.2d 497, 499-500 (Tex. Crim. App. 1996) ................... 16
*Swearingen v. State,* 101 S.W.3d 89, 97 (Tex. Crim. App. 2003) ....................... 18
*Waldie v. State,* 923 S.W.2d 152, 156 (Tex. App. – Beaumont 1996) ................. 18
*Wilson v. State,* 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) ............................... 18

Rules of Evidence and Statutes

TEX. PEN. CODE Sec. 30.02(a)(3) (Vernon 2015) ................................................ 19
TEX. R. APP. PROC. Sec. 21.1 (Vernon 2015) ..................................................... 24
TEX. R. APP. PROC. Sec. 21.3(h) (Vernon 2015) ................................................ 25
TEX. R. APP. PROC. Sec. 21.4 (Vernon 2015) ..................................................... 24
Dix and Dawson, TEXAS PRACTICE, *Criminal Practice and Procedure,* Sec.
41.22 (1995) .......................................................................................................... 25
Wigmore, *Evidence Sec. 302,* "Doctrine of Chances"(1928) ............................... 23

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA


| STATE OF TEXAS | § | |
| APPELLANT | § | |
| | § | |
| v. | § | No. 06-16-00032-CR |
| | § | |
| JAMEL MCLELLAND FOWLER, | § | |
| APPELLEE | § | |

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the State of Texas, Appellant, in this appeal from Cause No. 30,511 in the 196th District Court in and for Hunt County, Texas, Honorable Andrew Bench, Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals.

# STATEMENT OF CASE

On June 26, 2015, Appellee was indicted for two offenses - in Cause No. 30,511 for Burglary of a Building, alleged to have been committed on or about December 12, 2014, and in Cause No. 30,528 for Burglary of a Building, alleged to have been committed on or about February 3, 2015. CR Vol.1.p.8. On May 29, 2015, Appellant was indicted for Theft of Property of Value More Than $1,500 but Less Than $20,000 in Cause No. 29,456, alleged to have been committed on or about November 18, 2014. CR Vol.1.p.7. Appellee's three cases were consolidated and tried to a jury on February 12, 2016. CR Vol.1.pp.35-37. Appellee elected to have the jury assess his punishment. CR Vol.1.pp.46-47. During the trial, the State dismissed Cause No. 30,528 due to untimely discovery being turned over to the Appellee. RR Vol.11.p.5.

After a week-long trial, Appellee was found guilty in both remaining cases. CR Vol.1.p.79. Prior to jury sentencing, Appellee asked the trial court to set aside the jury verdict in Cause No. 30,511. RR Vol.12.p.7. Although the trial court granted State's request to take Appellee's motion under advisement and allowed both parties to conduct more legal research into the issue, the jury only received a punishment charge in Cause No. 29,456. RR Vol.12.p.13. The jury came back shortly with a maximum sentence for the Appellee. CR Vol.1.p.89.

At formal sentencing on February 16, 2016, after hearing legal arguments from both parties, the trial court gave Appellee the option of withdrawing his jury election for punishment (with the State's consent) and allowing the Court to impose punishment so that Appellee's Motion for New Trial could be considered, or do nothing and let the parties sort it out on appeal. RR Vol.13.pp.7-9. Appellee chose to withdraw his jury election, and the trial court imposed a six-month State Jail sentence. CR Vol.1.pp.85-89. Trial court then heard legal arguments on Appellee's oral Motion for New Trial, and granted it based upon legally insufficient evidence. CR Vol.1.p.90. On February 19, 2016, the trial court entered an Order of Acquittal, for which this appeal is taken. CR Vol.1.p.90; RR Vol.12.p.69.

The State filed its written Notice of Appeal on March 9, 2016. CR Vol.1.p.99. Appellee filed a written Notice of Appeal and Motion for New Trial in Cause No. 29,456 on February 26, 2016. CR Vol.1.p.99.

## ISSUES PRESENTED

Issue 1. Did the trial court apply the proper legal standard when it granted Appellee's Motion for New Trial?

Issue 2. Was the evidence legally sufficient to prove Appellee committed the Burglary of Mr. Martin's building on or before December 12, 2014?

## SUMMARY OF THE ARGUMENT

1. Since the standard of review on a Motion for Directed Verdict and a Motion for New Trial based upon insufficient evidence is the same, the Trial Court abused its discretion when it set aside the jury's guilty verdict in Cause No. 30,511 and substituted its view of the evidence for the factfinder. A review of all the circumstantial evidence against the Appellee in Cause No. 30,511 was legally sufficient to prove a rational juror could have found the elements of Burglary of a Building proven beyond a reasonable doubt.

## STATEMENT OF FACTS

Since Cause No. 29,456 and Cause No. 30,511 were tried together, the State has separated the facts based upon their connection to each case. The criminal activity that occurred out at Lattimore Materials, Royse City, Collin County, Texas,

was used for extraneous purposes in both cases.

**CAUSE NO. 29,456**

Around 1:45 a.m. on November 3, 2014, Royse City Police Sgt. Ryan Curtis responded to a report about a suspicious blue Nissan X-Terra parked behind an unlit local tractor supply business, Four Brothers. RR Vol.8.pp.169, 171, 177-79; *See* State Exhibit Nos. 5 & 5A. Upon initial contact, Sgt. Curtis found Virginia Cox inside the vehicle along with several bolt-cutters. RR Vol.8.pp.171-72. Ms. Cox initially told Sgt. Curtis that her boyfriend had left to find some gasoline because they had run out of gas. RR Vol.8.p.174. Sergeant Curtis' suspicions deepened when Ms. Cox, after being instructed by law enforcement to start the vehicle, turned the ignition and it started. RR Vol.8.p.176. After searching the unlit area for approximately 30 minutes, Ms. Cox's boyfriend was never found. RR Vol.8.p.177.

Sometime after 6:00 a.m. that same morning, Royse City Police Sgt. Tim West and Officer William Potter encountered the same blue Nissan X-Terra SUV on the side of CR1777 and a few miles away from Four Brothers, occupied by Virginia Cox. RR Vol.9.pp.43-4, 107-08; *See* State Exhibit Nos. 5 & 5A. Although the SUV had moved locations, Ms. Cox explained to the officers "*they* had run out of gas." RR Vol.9.p.110. Sergeant West and Officer Potter had prior knowledge that made Ms. Cox's explanation suspicious. RR Vol.9.pp.51-2, 111. After

spending fifteen minutes at the roadside with Ms. Cox, the police officers left to investigate a report of missing gasoline from Four Brothers. RR Vol.9.pp.125-26.

Around 7:00 a.m. that morning, Sgt. West and Officer Potter returned to the blue Nissan X-Terra still parked in the same location. RR Vol.9.pp.19, 45, 128. Upon closer inspection, Sgt. West and Officer Potter identified the vehicle now had two occupants: Appellee in the driver seat and Virginia Cox still in the front passenger seat. RR Vol.9.pp.20, 46, 118, 140. Appellee claimed that his vehicle had broken down, ran out of gas. RR Vol.9.p.48. During a roadside consensual search of the Appellee's vehicle, Officer Potter discovered large bolt-cutters, wire-cutters, and binoculars in the back of the SUV. *See* State Exhibit No. 20; RR Vol.9.p.53. Appellee told the officers the tools were for his job as an electrician. RR Vol.9.p.53. Appellee also told the officers he was from nearby Nevada, Texas. RR Vol.9.p.56.

Lattimore Materials, an abandoned concrete plant on 20-30 acres in Royse City, Collin County, Texas, had several of its buildings burglarized beginning in November 2014. RR Vol.9.pp.113-14, Vol.10.pp.43, 95; *See* State Exhibit No. 130. The abandoned plant was secured by a locked gate, automatic-timed lighting around the buildings, and surveillance cameras. RR Vol.10.pp.103-4, 121. On November 5, 2014, Royse City PD was called out by Lattimore Area Manager

Duane Wetteland to investigate cut wiring. RR Vol.10.pp.97-8, 105. Mr. Wetteland's job required him to periodically inspect the Royse City facility. RR Vol.10.pp.96-7. Officer Jaime Torrez seized three large bolt-cutters found at the scene as possible criminal instruments used in the burglary. RR Vol.10.p.23; State Exhibit Nos. 116-18.

On November 10, 2014, Royse City PD was called out for assistance at Lattimore Materials to investigate another report of damaged property and stolen property, including the cut wiring that was previously there on November 5. RR Vol.10.p.108. Upon further investigation by Mr. Wetteland, the building padlocks had been cut. RR Vol.10.p.111. That same day, Appellee was stopped by Sgt. West in the same blue Nissan X-Terra SUV, near the Lattimore property, and taken to the station for an interview based upon a traffic warrant. RR Vol.9.pp.44, 46; *See* State Exhibit Nos. 5 & 132.

On December 1, 2014, Mr. Wetteland called the Royse City PD for assistance to investigate more wiring that was missing. RR Vol.10.pp.110, 113. On December 5, 2014, Mr. Wetteland called the Royse City PD to investigate further property damage to a building that had its padlock cut, as well as a missing ice machine and cutting torch kit that was stored inside the building. RR Vol.10.pp.113-14. All-terrain vehicle tracks were discovered behind one of the

burglarized buildings. RR Vol.10.p.115. This building was easily accessible and located next to the railroad tracks that ran through the Lattimore property. RR Vol.10.p.45. Mr. Wetteland and Officer Torrez followed the ATV tracks, which ran alongside the railroad track and ended near the woods located at the rear of the property. RR Vol.10.pp.115-17. A green Kawasaki Mule ATV was discovered hidden in this wooded location. RR Vol.10.pp.43, 117; *See* State Exhibit Nos. 11-12.

The recovered ATV was found within 200 yards of the Lattimore building that had been burglarized earlier that day. RR Vol.10.p.46. Found three feet from the ATV was a receipt from the local Family Dollar store, and it was seized as potential evidence. RR Vol.10.pp.36-8, 42, 67; State Exhibit No. 119. Packaging for a pair of box cutters as well as some of the other merchandise listed on the seized store receipt was also found in the same area as the ATV. RR Vol.10.pp.42, 67. Officer Torrez went to the local Family Dollar store to inquire about retrieving store surveillance video for the date and time of the transaction depicted on the seized receipt. RR Vol.10.pp.48-9, 82. Unable to record the requested Family Dollar surveillance video, Officer Torrez used his police-issued camera to successfully record the footage and download it onto a hard drive. RR Vol.10.pp.49, 61; State Exhibit No. 120. Upon reviewing the downloaded store

surveillance recording for the time and date of the transaction depicted in the seized store receipt, Officer Torrez believed the Lattimore Materials suspect was a white male. RR Vol.10.pp.63-5, 78. The jury was allowed to decide if the white male on the recording was in fact Appellee.

The Kawasaki Mule's VIN was run through the Texas DMV – OMNX database and came back reported stolen out of Hunt County, Texas. RR Vol.8.pp.147, 211, 237, 253, Vol.10.p.46; State Exhibit No. 111. Hunt County Sheriff's Office ("HCSO") Deputy Amy Richardson had taken a stolen property report from Paul Blassingame on November 19, 2014. RR Vol.8.p.225. Mr. Blassingame had the ATV stolen from an unsecured building on his 14-acre property at 3523 CR 1114 in Hunt County. RR Vol.8.pp.130, 137, 141; *See* Exhibit No. 5. Mr. Blassingame paid $2,550 for the ATV, and kept it stored on the property that he routinely visited. RR Vol.8.pp.139-41, 144. Deputy Richardson observed the fence gate on Mr. Blassingame's property had been removed, as well as cut fencing. RR Vol.8.pp.206, 208; *See* State Exhibit Nos. 7 &16. Deputy Richardson also followed apparent ATV tracks leading from the building, directly through the cut fence area, towards CR 1114 and off Mr. Blassingame's property. RR Vol.8.pp.217-18.

Although the Lattimore location was miles from Mr. Blassingame's property,

the recovery location of the stolen ATV was within walking distance from the Lattimore burglarized buildings. RR Vol.10.pp.42, 119; *See* State Exhibit No. 5. Coincidentally, Andreas Reyes reported sometime in November 2014 to Royse City Police a suspicious trailer found behind his place of work, located in an industrial complex in Royse City. RR Vol.8.p.196; *See* State Exhibit No. 5 & 5A.

Due to jurisdictional limitations, none of the aforementioned alleged criminal offenses that occurred at Lattimore Materials during this time period resulted in Hunt County charges.

**CAUSE NO. 30,511**

On December 11, 2014, HCSO Deputy Josh Robinson was sent to complainant William Martin's vacant property at 3554 FM1569 around 11:00 a.m. to investigate a possible burglary. RR Vol.8.pp.267, 281, Vol.9.p.172; *See* State Exhibit No. 5. Mr. Martin's property was secured by barb wire fencing around the perimeter and a padlocked gate. RR Vol.8.p.269. Mr. Martin had not been out to his property for about a week, and on December 11th, according to Dep. Robinson he reported lots of property stolen from his airport hangar building. RR Vol.8.p.268, Vol.9.p.176. Mr. Martin ultimately determined that only two game cameras were stolen from inside the building on this occasion. RR Vol.8.p.287.

Mr. Martin discovered that a 6' section of his fencing had been cut since his

last visit to the property about a week earlier, about 3-4' away from CR1075 and near the intersection of FM1565 and CR1075. RR Vol.8.pp.271-72, 288, 290. Mr. Martin also found ATV tracks near the cut fencing, and he did not own an ATV. RR Vol.8.pp.289, 299. It was 3' from this cut fencing that Mr. Martin recovered an Alcatel cell phone that he took up to the HCSO and gave it to an "inspector" (hereinafter "Inv. Kelly Phillips"). RR Vol.8.pp.273, 276. HCSO Inv. Kelly Phillips turned the Alcatel cell phone on to make sure it worked, then sometime in December 2014, HCSO Lt. Nathan Earhart, at the direction of Inv. Phillips, used a software program to determine that the phone number given by Inv. Phillips belonged to a Mr. Fowler. RR Vol.8.p.277, Vol.9.pp.203, 209. Mr. Martin was present for this exchange between Lt. Earhart and Inv. Phillips. RR Vol.8.p.287.

## ARGUMENT

1. **Review of Directed Verdict Motion Same as Challenge to Insufficient Evidence**

   a. **Standard of Review**

   In *Broderick v. State*, this Court held that a failure to grant a motion for a directed verdict is a challenge to the legal sufficiency of the evidence. *Broderick v. State*, 35 S.W.3d 67, 75 (Tex. App. – Texarkana, 2000); *State v. Gallegos*, 2015

WL 8332512*4 (Tex. App. – El Paso). As such, the standard of review requires examining the evidence in a light most favorable to the verdict and determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

### b. Trial Court Abused Its Discretion by Granting Motion for New Trial

After hearing legal arguments from both parties, the trial court correctly denied Appellee's Directed Verdict Motion in Cause No. 30,511. RR Vol.11.p.69. The trial court felt uncomfortable substituting its view of the evidence for the jury – "I can't substitute my own judgment for that of the jury." RR Vol.11.p.68. In its ruling, the trial court believed the legal standard was only a scintilla of evidence. RR Vol.11.p.69. *See generally Rundles v. State*, 486 S.W.3d 370 (Tex. App. – Texarkana 2016); *Fin & Feather Club v. Leander*, 415 S.W.3d 548 (Tex. App. – Texarkana 2013) (discussing how scintilla of evidence is a term used in civil proceedings).

Yet a few hours later after the jury had deliberated and reached a guilty verdict in both cases, the trial court changed its mind in Cause No. 30,511. RR Vol.11.p.138. The trial court granted Appellee's oral Motion to Set Aside the Jury Verdict, akin to making a JNOV ruling, and did not allow the jury to assess punishment in Cause No. 30,511. RR Vol.12.pp.7-12; *State vs. Savage*, 933 S.W.2d

497, 498 (Tex. Crim. App. 1996). The trial court instructed the jury that he granted Appellee's Motion to Set Aside their verdict, and for the jury not to consider Cause No. 30,511 in the punishment proceeding. RR Vol.12.p.20. The trial court's action was not authorized by law, as outlined by the Texas Court of Criminal Appeals twenty years ago. *Savage*, 933. S.W.2d at 498. "Once the jury has returned a guilty verdict and that verdict is read aloud in open court, the trial court is not authorized to then grant a motion for directed verdict and enter a judgment of acquittal." *Savage*, 933 S.W.2d at 499.

In *Charlton v. State*, the trial court abused its discretion when it set aside the jury's guilty verdict in a DWI trial and ordered a new trial. *Charlton v. State*, 847 S.W.2d 443 (Tex. App. – Houston [1st Dist.] 1993). At the hearing, no additional evidence was presented and instead the trial court took judicial notice of all the previous proceedings. *Id.* at 443. The appellate court vacated the trial court's Order for New Trial because the trial court weighed the evidence and judged the credibility of the witnesses, in effect substituting its judgment for that of the fact finder. *Id.* at 446; *See generally Rhodes v. State*, 427 S.W.2d 889, 892 (Tex. Crim. App. 1968). In *State v. Gallegos*, the trial court abused its discretion when it granted Defendant's Directed Verdict Motion, after it had received a guilty verdict

from the jury of a lesser included offense of Class A misdemeanor criminal mischief. *State v. Gallegos*, 2015 WL 8332512*3 (Tex. App. – El Paso).

Unfortunately, the Trial Court did exactly what it said it wouldn't do – "it substituted its own judgment for that of the factfinder."

## 2. Trial Court Erred in Granting a New Trial Because Evidence Was Legally Sufficient

### a. Standard of Review

When reviewing legal sufficiency of the evidence, the Courts review all the evidence in a light most favorable to the jury's verdict to determine whether any rational jury could have found the essential elements of the charged offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010); *Jackson v. Virginia*, 443 U.S. 307, 319 (1987). The standard of review is the same for both direct evidence and circumstantial evidence cases. *Geesa v. State*, 820 S.W.2d 154, 158 (Tex. Crim. App. 1991). "While each piece of evidence lacked strength in isolation, the consistency of the evidence and the reasonable inferences drawn therefrom, provide the girders to strengthen the evidence and support a rational jury's finding the elements beyond a reasonable doubt." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003). "All evidence submitted at trial,

- including improperly admitted evidence – is considered in a legal sufficiency review." *Wilson v. State*, 7 S.W.3d 136, 141 (Tex. Crim. App. 1999) *citing Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).

The granting of a motion for new trial rest within the discretion of the trial court, and appellate courts ordinarily will not reverse that decision absence an abuse of discretion. *Appleman v. State*, 531 S.W.2d 806, 810 (Tex. Crim. App. 1975); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex. App. – Dallas, 1986 writ ref'd). However, when ordering a new trial based upon insufficient evidence, the appropriate standard of review is if the trial court abused its discretion in conducting a legal sufficiency review of the evidence. *See State v. Provost*, 205 S.W.3d 561, 566 (Tex. App. – Houston [14th Dist.] 2006, no pet.); *Waldie v. State*, 923 S.W.2d 152, 156 (Tex. App. – Beaumont, 1996) ("an exception to the abuse of discretion standard occurs when a new trial is sought on the grounds of insufficient evidence....evidence is viewed in light most favorable to the verdict to determine whether any rational trier of fact could have found essential elements of offense beyond a reasonable doubt").

b. **Circumstantial Evidence Used to Link Appellee to Mr. Martin's Burglary in Cause No. 30,511**

"A person commits burglary of a building if the person enters a building without the effect consent of the owner, and commits or attempts to commit a theft." TEXAS PENAL CODE SEC. 30.02(a)(3) (Vernon 2015). The evidence was uncontroverted as to whether Mr. Martin's Hunt County property was burglarized on or before December 12, 2014. The only contested elements at trial were when exactly the building had been burglarized, and whether the State proved beyond a reasonable doubt that the Appellee committed that crime.

### 1. Appellee's Technological Footprint Left at Crime Scene

Just a defendant's fingerprint left inside a building of a victim who does not know the defendant has long been recognized as legally sufficient evidence to identify him with the crime. *See Johnson v. State*, S.W.3d (Tex. App. – Texarkana, 2010). Here, an Alcatel cell phone was found by burglary victim Mr. Martin only 3' from the fence that had been cut in the last week on his property. Mr. Martin did not know Appellee. This cell phone was run through a law enforcement computer program designed to list the registered account owner of the phone. More importantly, the investigator was still able to power on the cell phone when it was turned in by Mr. Martin, meaning the cell phone had been left recently at the property. When Lt. Earhart ran it through the database in Mr. Martin's presence, it came back to a "Mr. Fowler." Considering the totality of the evidence presented

against the Appellee during this time frame, it was a logical inference for the 12 jurors to believe that the Alcatel cell phone belonged to the Appellee since his last name is Fowler and he stole Mr. Blassingame's ATV a few weeks earlier.

### c. Same Circumstantial Evidence linked Appellee to the Burglary of Mr. Martin's Building on or Before December 12, 2014

#### 1. Evidence Used to Support Appellee's Conviction in Cause No. 29,456 Linked Appellee to Cause No. 30,511

Based upon the jury's guilty verdict in Cause No. 29,456, the circumstantial evidence in that case proved several things that connected Appellee to Cause No. 30,511:

1. Appellee stole that ATV from Mr. Blassingame's property at 3523 CR 1114 on or before November 18, 2014. Appellee, who told police officers he was from Nevada, Texas, was a long way from home when he committed that theft, and Appellee was very close to Mr. Martin's 3554 FM 1569 property. *See* State Exhibit No. 5.

2. Appellee scouted that area of Hunt County for vacant properties with buildings that contained burglar tools (game cameras, ATVs). Neither Mr. Martin nor Mr. Blassingame lived on their properties, but both had buildings.

3. Mr. Martin did not own an ATV, yet he found ATV tracks on his property on December 12, 2014. Those ATV tracks were left by Appellee, who had a habit of using ATVs to commit his crimes.

4. The motive behind the theft of Mr. Blassingame's ATV and Mr. Martin's burglary was the same – an ATV was necessary on December 1st and 5th for transporting the Lattimore Materials stolen property (electrical wiring, ice cooler, and other heavy items) back to the concealed wooded area in the rear of the property.

5. Both Mr. Martin and Mr. Blassingame's fences had been cut by one of the unseized bolt-cutters seen by Royse City police in the back of Appellee's SUV on November 3, 2014. The size of the cut fencing on both properties allowed the stolen ATV to exit Mr. Blassingame's property and allowed an ATV to enter Mr. Martin's property.

6. Timeline of the aforementioned events, as recorded by the victims and law enforcement, made it very likely that Appellee did all of this.

## 2. Totality of the Circumstantial Evidence

The Alcatel cell phone, State's Exhibit No. 5, and all of the aforementioned circumstantial evidence that connected Appellee to the theft of Mr. Blassingame's

ATV would lead a rational juror to believe he also committed the burglary of Mr. Martin's building on or before December 12, 2014.

Mr. Martin's discovery of an Alcatel cell phone on his property is significant for several reasons. Lt. Earhart testified that he's used the law enforcement computer program OMNX many times to identify the registered owner and it had never failed him before. This cell phone was registered to a Mr. Fowler, meaning the phone was valuable enough to Mr. Fowler to have registered it in his name. The cell phone was found 3' from newly cut fence on Mr. Martin's property, right where ATV tracks led. And the cell phone still had power when Inv. Phillips turned it on.

State Exhibit No. 5 was used by all of the victims to show where their crimes had been committed. It was also used by law enforcement witnesses to show where all of their contacts with the Appellee had occurred in the same time frame as the crimes. It cannot be overemphasized how an in-court visualization of a large map of Hunt County dramatically got narrowed in size when Mr. Martin and Mr. Blassingame used colored pin tacks to show the closeness in proximity of their two vacant properties. *See* State Exhibit No. 5.

What are the chances that a Mr. Fowler's name attached to that phone is not the same Mr. Fowler who committed the theft at Mr. Blassingame's property down

the road a few weeks earlier? What are the chances that Mr. Fowler's cell phone was not used by the person that committed Mr. Martin's burglary? It cannot be pure coincidence that the Appellee is right in the middle of this criminal activity at the same time. *See Wigmore Evidence Sec. 302*, "Doctrine of Chances." Based upon all the circumstantial evidence, it was very rational for the 12 jurors to believe Mr. Fowler was Appellee. Viewing all the evidence in a light most favorable to the state, the jury got it right when they found Appellee guilty of burglary in Cause No. 30,511.

## PRAYER

State prays that the Trial Court's Order of Acquittal be set aside and the jury's guilty verdict in Cause No. 30,511 be reinstated and remanded for a punishment hearing.

Respectfully submitted,

**NOBLE DAN WALKER, JR.**
District Attorney
Hunt County, Texas

/s/George Calvin Grogan

**G CALVIN GROGAN V**
Assistant District Attorney
P. O. Box 441
4th Floor, Hunt County Courthouse
Greenville, TX 75403
State bar No. 24050695
(903) 408-4180
FAX (903) 408-4296
cgrogan@huntcounty.net

## CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(3)

Relying on Microsoft Word's word count feature used to create the State's Reply Brief, I certify that the number of words contained in this brief is 4,734 and the typeface used is 14Font.

/s/George Calvin Grogan
**G CALVIN GROGAN V**
Assistant District Attorney

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been mailed via first-class mail to Jessica Edwards, Appellee's attorney of record, today, August 12, 2016, pursuant to Texas Rules of Appellate Procedure.

/s/George Calvin Grogan
G CALVIN GROGAN V
Assistant District Attorney