The STATE of Texas, Appellant,

v.

Rolando GONZALEZ, Appellee.

Nos. 05–91–00286–CR, 05–91–00287–CR, and 05–91–00288–CR.

Court of Appeals of Texas, Dallas.

Oct. 17, 1991.

Tom O'Connell, J. Matthew Geoller, McKinney, for appellant.

Kenneth G. Wincorn, Dallas, for appellee.

Before ROWE, KINKEADE and MALONEY, JJ.

## OPINION

ROWE, Justice.

Urging two points of error, the State appeals the trial court's order granting a motion for new trial. We overrule the State's first point of error, finding that the trial court did not abuse its discretion in granting the motion. We overrule the State's second point of error, finding waiver. We affirm the trial court's order.

Appellee Rolando Gonzalez pleaded guilty without the benefit of a plea bargain to three felony cases of delivery of marijuana. At the conclusion of the sentencing hearing, the trial court assessed punishment at three years' confinement in two of

the cases and five years' probation in the third case. One week later, Gonzalez filed a motion for new trial in each of the cases. In his motion, Gonzalez requested, "in the interest of justice," that he be allowed to present witnesses who were unavailable at the time of the earlier proceeding.

At a hearing on the motion, Gonzalez called only one witness—his uncle, who is the chairman for the Commission for Drug and Substance Abuse for the City of Dallas. The witness testified that he was unavailable at the time of the earlier proceeding, and he requested that a new trial be granted so that his testimony could be considered. Although the witness said nothing about the content of his testimony, Gonzalez's lawyer represented that this witness's testimony could have a substantial impact on the court's consideration upon retrial. The State did not cross-examine the witness or controvert his testimony. The State only asked that the court deny the motion. At the conclusion of the hearing, the trial court granted the motion for new trial. It is from this order that the State appeals. TEX.CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1991).

■ In its first point of error, the State contends that the trial court abused its discretion in granting Gonzalez's motion for new trial because Gonzalez did not establish that he fell within one of the "statutory" grounds requiring the court to grant a motion for new trial. Specifically, rule 30(b) of the Texas Rules of Appellate Procedure provides that "[a] new trial shall be granted an accused for the following [nine] reasons...." TEX.R.APP.P. 30(b). The State asserts that the movant must allege and prove that he falls within one of these nine grounds before the trial court can grant a motion for new trial. Arguing that Gonzalez neither alleged nor proved that he fell within one of these grounds, the State asserts that the trial court abused its discretion in granting the motion for new trial. We disagree.

The State's strict construction of the language of rule 30(b) is not justified. It is well established that the granting or denying of a motion for new trial lies within the sound discretion of the trial court. *Appleman v. State*, 531 S.W.2d 806, 810 (Tex. Crim.App.1975); *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, pet. ref'd). This principle, as applied to criminal cases, has been scrutinized exclusively in cases in which the trial court denied a motion for new trial because the State only recently attained the statutory right to appeal the granting of a motion for new trial. Examining case law in which the trial court denied a motion for new trial, however, illustrates the relationship between the language of rule 30(b) and the court's discretion in granting a motion.

■ For example, rule 30(b)(6) states that "[a] new trial shall be granted an accused ... where new evidence favorable to the accused has been discovered since trial." TEX.R.APP.P. 30(b)(6). To establish a prima facie case for the granting of a motion on this ground, the defendant must prove two elements: (1) that there is competent and material evidence, the existence of which was unknown to defendant at the time of his trial; and (2) that defendant's failure to discover the evidence prior to trial or to utilize the evidence at the time of trial was not a result of any want of diligence on his part. *Jones v. State*, 711 S.W.2d 35, 36 (Tex.Crim.App.1986). Even if the defendant establishes a prima facie case, however, the trial court may, in its discretion, deny the motion. For example, the trial court may deny the motion if it appears that, under the circumstances of the particular case, the credibility or weight of the new evidence is not such as would probably bring about a different result upon a new trial. *Id.* at 37.

■ As *Jones* illustrates, a trial court does not lose its discretion *to deny* a motion for new trial even if a defendant complies prima facie with rule 30(b). We hold, as a corollary, that a trial court does not lose its discretion *to grant* a motion for new trial even if a defendant fails to comply prima facie with rule 30(b). The rule's list of circumstances under which the trial court must grant a motion for new trial is not an exclusive one.

 More specifically, we conclude that a trial court may, in its discretion, grant a motion for new trial in the interest of justice. The rule in Texas civil cases is that a trial court may, in its discretion, grant a new trial "in the interest of justice." *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985); *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1988). Judge Brown of the Fifth Circuit asserted that "the right and duty of a trial judge to order a new trial when the Judge feels that to allow a verdict to stand would result in an injustice is a linchpin of our system of jurisprudence applicable equally to civil and criminal cases." *United States v. Logan*, 861 F.2d 859, 866 (5th Cir.1988) (Brown, J., dissenting) (citing *Aetna Casualty & Sur. v. Yeatts*, 122 F.2d 350, 352–53 (4th Cir. 1941)). We concur. The trial court may, in its discretion, grant a motion for new trial in a criminal case on the ground that justice so requires.

 Both the granting and the denying of a motion for new trial rest within the discretion of the trial court, and appellate courts ordinarily will not reverse that decision unless the trial court has abused its discretion. *Fielding v. State*, 719 S.W.2d 361, 364 (Tex.App.—Dallas 1986, writ ref'd). As applied to the facts of this case, we cannot conclude that the trial court abused its discretion in granting the motion for new trial. At the hearing on the motion, Gonzalez's uncle testified that he was unavailable at the time of the earlier proceedings, and Gonzalez's lawyer argued that the uncle's testimony would be material to the case. The State presented no evidence to controvert the witness's testimony concerning availability; nor did the State cross-examine the witness. The State advanced no argument as to why the trial court should deny the motion for new trial. By relying on the record before it, the trial court did not abuse its discretion in concluding that a new trial should be granted in the interest of justice. The State's first point of error is overruled.

 In its second point of error, the State argues that the trial court erred in granting the defendant's motion for a new trial because such motion is inconsistent with the defendant's earlier plea of guilty. Points of error must be supported by arguments and authorities, and if not so supported, the points are waived. Tex. R.App.P. 74(f); *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980). Although the State's point of error contains a citation to some case authority, the State did not support the point of error with argument. Accordingly, the State's second point of error is overruled.

Finding no reversible error incident to the granting of the motion for new trial, we affirm the order of the trial court.