The STATE of Texas, Appellant,

v.

Michael Albert CHARLTON, Appellee.

No. 01–92–00012–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Feb. 11, 1993.

Daniel W. Leedy, Bellville, for appellant.

Conrad Day, Bellville, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

OPINION

DUGGAN, Justice.

The State appeals an order of the county court at law granting appellee's motion for new trial. A jury found appellee, Michael Albert Charlton, guilty of driving while intoxicated and assessed his punishment at two years confinement in the county jail, probated, and a fine of $2000. The Code of Criminal Procedure expressly authorizes the State to appeal an order that grants the defendant a new trial. TEX.CODE CRIM. PROC.ANN. art. 44.01(a)(3) (Vernon Supp. 1993).

In a single point of error, the State asserts the trial court abused its discretion by granting a new trial. We vacate the order granting appellee's motion for new trial and remand the cause to the county court at law for entry of a judgment in accordance with the verdict.

Charlton's motion for new trial alleged that the verdict finding him guilty was "contrary to the law and evidence in the case, to wit: there was absolutely no evidence that Defendant was driving while intoxicated." At the hearing on the motion, no additional testimony was presented. The trial judge stated for the record that she took "judicial notice of Article 6701*l*–1(b) [the DWI statute], Texas Rules of Appellate Procedure Rule 30(b)(9), and all proceedings from the prior trial." Charlton's counsel argued in part that, after the police officer stopped Charlton, "the

evidence conflicted greatly from the point of stopping onward." Following the State's argument, Charlton's attorney argued:

[A]s the trial judge you are entitled to override the jury's verdict if you find it was contrary to the law and the evidence in the case. And you remember the evidence.... *[T]he State only had one witness and* it was Officer Taylor and *we had four.* I think the way the statute is worded it says that "a new trial shall be granted an accused for the following reasons"—and then number nine says "where the verdict is contrary to the law." [sic] I'll show that to you if you want to see it. But my sense of what happened that day was that *the jury just picked wrong....*

(Emphasis added). The trial court then granted the motion for new trial.

■ Charlton's sole ground for a new trial was based on Tex.R.App.P. 30(b)(9), which states: "A new trial shall be granted an accused ... [w]here the verdict is contrary to the law and evidence." Historically, this ground has raised only "the issue of the sufficiency of the evidence to sustain the verdict." *Bogan v. State,* 78 Tex.Crim. 86, 180 S.W. 247, 248 (1915). In *State v. Daniels,* 761 S.W.2d 42 (Tex.App.—Austin 1988, pet. ref'd), the court stated:

[I]n ruling on a motion for new trial challenging the sufficiency of the evidence, the trial court is not to consider whether it believes or disbelieves any witness, but is merely to determine whether, looking at the evidence in a light most favorable to the verdict, there is *any evidence* which the trier of fact could have believed in arriving at its verdict.

*Id.* at 45 (emphasis added) (citing *Chase v. State,* 573 S.W.2d 247, 249 n. 1 (Tex.Crim. App. [Panel Op.] 1978)). When the sufficiency of the evidence is questioned in a motion for new trial, "[t]he verdict of the jury based on conflicting evidence will not be disturbed if there is sufficient evidence to sustain it." *Rhodes v. State,* 427 S.W.2d 889, 892 (Tex.Crim.App.1968).

In *State v. Daniels,* the court further stated:

[A] motion for new trial based on insufficiency of the evidence presents a legal rather than a factual question, and *the trial court must apply the same legal test employed on appeal.* That is, the trial court must decide, after viewing the evidence in the light most favorable to the verdict, whether any rational trier of fact *could have found* the essential elements of the offense beyond a reasonable doubt.... If the evidence meets this standard, it is an abuse of discretion for the trial court to grant the motion for new trial.

761 S.W.2d at 45 (emphasis added); *see also State v. Macias,* 791 S.W.2d 325, 329–30 (Tex.App.—Austin 1990, pet. ref'd) (utilizing the same "any rational trier of fact" standard enunciated in *Daniels* ); *State v. Stacy,* 796 S.W.2d 520, 521–22 (Tex.App.—Austin 1990) (utilizing *Daniels* standard), *vacated and remanded on other grounds,* 819 S.W.2d 860, 861–62 (Tex.Crim.App. 1991). Our standard of review on appeal, in determining whether the trial court erred in granting a motion for new trial based on rule 30(b)(9), is whether the trial court abused its discretion. A review of the evidence is appropriate.

■ Bellville City Police Officer Philip Taylor testified that, while patrolling within the City of Bellville at approximately 11:30 p.m. on March 16, 1991, he saw a white Toyota 4–Runner truck, driven by Charlton and carrying four passengers, and noticed that the registration was expired. Based on this observation, Taylor activated his emergency lights to pull the vehicle over.

Charlton, the driver, properly pulled over onto the gravel shoulder and, upon Taylor's request, produced his driver's license and proof of financial responsibility. Taylor testified that while he was discussing the expired registration with Charlton, he noticed a very strong odor of alcohol coming from somewhere inside the vehicle.

Taylor testified that Charlton's eyes were glassy and bloodshot, that he asked him to step out to the rear of the vehicle,

and that Charlton was unsteady on his feet and staggered as he did so. Behind the vehicle, Officer Taylor continued to observe Charlton and, while talking to him, smelled a strong odor of an alcoholic beverage; however, Taylor admitted that he is not able to determine what beverage someone has been drinking based on smell.

Next, Taylor asked Charlton if he would take a field sobriety test. Officer Taylor testified that Charlton consented, and that he asked Charlton to perform several tasks; Charlton was unable to perform them satisfactorily. These included reciting the alphabet, counting while showing finger dexterity, walking heel to toe in a straight line, and standing on one leg. Furthermore, Taylor testified, based on these results, he asked Charlton to consent to give a breath specimen and then a blood sample; Charlton refused both requests, and Taylor placed him under arrest for DWI.

Charlton and three of his four passengers testified at trial. All four defense witnesses testified either that Charlton was not intoxicated or that, based on their awareness of his earlier injury to his back and leg and his normally bloodshot eyes, he had normal use of his mental and physical faculties on the occasion in question. The defense witnesses testified that: (1) Charlton had taken a spill on a four wheel drive ATV earlier that afternoon, hurting his back and one leg; (2) Charlton drank from six to eight cups of beer; and (3) earlier in the evening, just prior to setting off on the trip home that resulted in his DWI arrest, one of Charlton's passengers had spilled a cup of beer on the floor of Charlton's vehicle.

Appellee cites *Sterling v. State,* 791 S.W.2d 274, 276 (Tex.App.—Corpus Christi 1990, pet. ref'd), for the proposition that "[i]t is a trial court's duty to order a new trial when it has any doubt about the fairness or impartiality of a trial." *Sterling* was not a rule 30(b)(9) case, such as we have before us. *Sterling* held, in pertinent part, that a defendant could not complain that the trial court erred in granting him a new trial when he wrote the trial judge a letter requesting a new trial, complaining that the plea bargain had not been fulfilled, and acknowledging he was aware of the possible consequences of a new trial. The court of appeals held that the trial court fairly construed Sterling's letter request as a motion for new trial under rule 30(b)(2) (a new trial is to be granted if "... the trial court has committed some material error calculated to injure the rights of the accused").

Appellee's quotation from *Sterling* was written by Judge Davidson in *Williams v. State,* 145 Tex.Crim. 536, 170 S.W.2d 482, 489 (1943), quoted by Judge Odom in *Ruth v. State,* 522 S.W.2d 517, 519 (Tex.Crim. App.1975), and paraphrased by Justice Junell in *Bennett v. State,* 677 S.W.2d 121, 129 (Tex.App.—Houston [14th Dist.] 1984, no pet.). In *Williams,* the trial court failed to change venue despite community anger and threats of mob violence toward the defendant—all apparent to the jury because of unprecedented and massive courtroom security measures. 170 S.W.2d at 489. In *Ruth,* the trial court failed to curb the prosecutor's "intolerable conduct" in making repeated (though unobjected to) references to the defendant's juvenile record. 522 S.W.2d at 519. In *Bennett,* in the face of the prosecutor's "repeated and conscious indifference to the basic principles of jury argument," the trial court failed to curb such misconduct by bench conference, chambers conference, or rebuke in the presence of the jury. 677 S.W.2d at 129. *Williams, Ruth,* and *Bennett* are all distinguishable from the case before us in that they each involved an appellant's complaint directed to errors in judicial supervision and conduct of trial proceedings. Such matters are the subject of part of rule 30(b)(2)—material error committed by the trial court "calculated to injure the rights of the accused."

By contrast, the case before us concerns a complaint as to how the jury, as fact finder, weighed the evidence. *Sterling* clearly refers to rule 30(b)(2), not rule 30(b)(9), and is therefore distinguishable from our case.

**446**

We are also aware of *State v. Gonzalez*, 820 S.W.2d 9 (Tex.App.—Dallas 1991, pet. granted), which held that in criminal cases a trial court may, in its discretion, grant a new trial in the interest of justice, on the ground that justice so requires it. *Id.* at 12. However, in *Gonzalez*, the defendant's motion for new trial was not based on any of the grounds listed in Tex.R.App.P. 30(b), and the court held that rule 30(b) did not provide the exclusive grounds for the granting of a new trial. *Id.* at 11. The present case is similar to *State v. Lyons*, 820 S.W.2d 46 (Tex.App.—Fort Worth 1991, no pet.), where the only grounds asserted for new trial fell within the scope of rule 30(b). *Id.* at 48. Here, the only ground asserted as justification for a new trial was that set out in rule 30(b)(9), that the verdict was contrary to the law and the evidence.

■ An accident on an ATV may have affected Charlton's gait, or the results of his heel-to-toe and one-leg-stand tests. However, considering the evidence in the light most favorable to the verdict, a rational juror could have disbelieved portions of the testimony of Charlton and his witnesses and could have found the essential elements of the offense of DWI. Officer Taylor's testimony of Charlton's glassy eyes, poor performance on the alphabet and finger dexterity tests, and strong smell of alcohol on his breath, collectively constitute .sufficient evidence upon which a rational juror could have found the essentials of intoxication, the only disputed element of the offense. When a motion for new trial challenges the sufficiency of the evidence to support a jury's finding, the trial court cannot weigh the evidence and judge the credibility of the witnesses. *Daniels*, 761 S.W.2d at 46. In so doing, and by granting the new trial, the trial court abused its discretion. We sustain the State's point of error.

We vacate the order granting appellee's motion for new trial and remand the cause to the county court at law for entry of a judgment in accordance with the verdict.