NO. 07-07-0425-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2008
______________________________

TYRAN LEWIS, 

                                                                                      Appellant

v.

THE STATE OF TEXAS, 

                                                                                      Appellee
_________________________________

FROM THE 100TH DISTRICT COURT OF COLLINGSWORTH COUNTY;

NO. 2664; HON. DAVID M. MCCOY, PRESIDING
_______________________________

                                                   Memorandum Opinion
                                         _______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Tyran Lewis (appellant) appeals his conviction for possession of cocaine with the
intent to deliver. Via two issues, appellant contends the trial court erred by failing to grant
1) his motion for mistrial due to jury misconduct and 2) his motion for new trial based on
jury misconduct. We affirm.
Background
          Appellant pled guilty to the charged offense and a punishment hearing was held
before a jury. During deliberations on punishment, the jury sent out a note containing four
questions. The question which appellant now complains about read: “Question 4 what is
the time he [appellant] would serve if 15 years were imposed? (In other words, what is the
minimum time served?) (Good conduct time).” The trial court responded as follows: 
“[r]efer to Section 3 of the charge for all the information needed for Question 4.” That
portion of the charge contained information regarding good conduct time and parole. It
further included the following instruction: “You may consider the existence of the parole
law and good conduct time. However, you are not to consider the extent to which good
conduct time may be awarded to or forfeited by this particular defendant. You are not to
consider the manner in which the parole law may be applied to this particular defendant.” 
Moreover, there was no objection to the trial court’s response. However, appellant’s trial
counsel did move for a mistrial based on the jury’s improper consideration of “good conduct
time in their deliberation of punishment.” The trial court overruled the motion. 
          The jury assessed punishment at fifteen years in prison along with a fine and
restitution. After the trial court sentenced appellant, counsel re-urged his motion for
mistrial and indicated that he would file a motion for new trial. The trial court denied the
mistrial and advised counsel that it would consider a written motion for new trial. On
August 6, 2007, appellant filed a motion for new trial wherein he claimed he was “deprived
of a fair and impartial trial as a result of the misconduct or improper deliberation of the
jury.” It too was overruled. 
Issues One and Two: Jury Misconduct
          Appellant contends in both of his issues that the jury “improperly considered the
[a]ffect of good conduct time and . . . parole law . . .” in assessing punishment. We
overrule the issues. 
Standard of Review
          In reviewing a trial court’s denial of a motion for mistrial or for new trial, we
determine whether it abused its discretion. See Yates v. State, 171 S.W.3d 215, 220-21
(Tex. App.–Houston [1st Dist.] 2005, pet. ref'd) (there holding that the motion for mistrial
was the functional equivalent of a motion for new trial, the review of which was governed
by the standard of abused discretion); see also State v. Gonzalez, 820 S.W.2d 9, 12 (Tex.
App.–Dallas 1991), aff'd, 855 S.W.2d 692, 696 (Tex. Crim. App.1993) (en banc) (holding
that both the granting and the denying of a motion for new trial rests within the discretion
of the trial court, and appellate courts ordinarily will not reverse those decisions unless the
trial court has abused its discretion). Finally, an abuse of discretion occurs when the trial
court's decision was arbitrary or unreasonable. See State v. Read, 965 S.W.2d 74, 77
(Tex. App.–Austin 1998, no pet.). 
Analysis
          Appellant contends that the jury failed to follow the trial court’s instruction to avoid
considering good conduct time or parole. This was evidenced, according to appellant, by
the mere fact that the jury sent the note described above. 
          An appellate court may presume the jury will follow an instruction as given. Luquis
v. State, 72 S.W.3d 355, 366-67 (Tex. Crim. App. 2002); see also Williams v. State, 937
S.W.2d 479, 490 (Tex. Crim. App. 1996) (stating that "we assume that the jury would follow
the instruction as given, and we will not reverse in the absence of evidence that the jury
was actually confused by the charge"). Next, while the jury asked about good time and
parole in its note, that alone is not enough to rebut the presumption that it followed the trial
court’s directive and the instruction in the charge. See Colburn v. State, 966 S.W.2d 511,
520 (Tex. Crim. App.1998) (holding that “[e]ven if the note constitutes evidence the jury
discussed parole at a preliminary point, we presume they followed the court’s instructions
and thereafter did not consider it in reaching their verdict”); Graham v. State, 96 S.W.3d
658, 661 (Tex. App.–Texarkana 2003, pet. ref'd) (holding a question in a jury note alone
is insufficient to rebut the presumption that jurors followed the instruction to not consider
parole in its deliberations). Moreover, appellant does not cite us to any evidence other
than the note to support his argument that the jury ultimately failed to heed the trial court’s
instruction. 
          Accordingly, we overrule the issues and affirm the judgment.
 
                                                                           Brian Quinn
                                                                          Chief Justice

Do not publish.